

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Cullen B. Vance
County Attorney
Jackson County
Edna, Texas

Dear Sir:

Opinion No. 0-4825
Re: Is House Bill No. 959, Acts of
the 47th Legislature, Regular
Session, pertaining to an
allowance of $60. per month
traveling expenses to County
Commissioners of Jackson County
constitutional?

Your letter of September 2, 1942, requesting the
opinion of this department on the above stated question, reads
in part as follows:

"Will you please advise me whether House Bill
No. 959 embodied in Chapter 332 of the Acts of the
Regular Session of the 47th Legislature pertaining to
an allowance of $60.00 per month to the Commissioners
of Jackson County for traveling expenses is unconsti-
tutional, as being in violation of Section 56, Article
III of the Constitution of Texas. This Act is now
embodied in Article 2350m of Vernon's Texas Statutes.

"Your attention is called to the fact that this
allowance is 'For the use of his own private automobile
in the discharge of the duties required of him under the
terms of the law with reference to roads and bridges,
which are in addition to his regular official duties as
County Commissioner;'

"Under the recent decision in the case of Jameson vs.
Smith, reported in 161 S. W. (2) 520, it is intimated that
an act of this kind might be valid if enacted as a special
road law under Section 9 of Article 8 of the Constitution
of Texas. In fact, in the case of Crow vs. Tinner, 78 S. W.

(2) 588, the Supreme Court upheld an allowance to the Commissioners of Hill County for traveling expenses in connection with the supervision of an extensive road building program. In that case, however, the Commissioners were required to perform additional duties than these required of them by law prior to the passage of the Act authorizing the road building program for Hill County.

"In the Act making the allowance to the Commissioners of Jackson County, it is recited that it is 'for the use of his own private automobile in the discharge of the duties required of him under the terms of the law with reference to roads and bridges', and then in the same sentence it reads 'which are in addition to his regular official duties as County Commissioner'. Apparently the Act attempts to make an allowance for additional duties, but it would seem that it is insufficient to show that and are in fact additional duties as required by the holding in the Jameson vs. Smith Case which requires that the Act making the allowance must expressly impose added and new duties.'

House Bill No. 959, Acts of the 47th Legislature, Regular Session, including the caption, reads as follows:

"An Act authorizing the Commissioners Court in Jackson County to allow each County Commissioner certain expenses in connection with the performance of the duties as Road Commissioner in addition to the duties as County Commissioner in addition to the duties as County Commissioner; providing for the payment of the same; and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"Section 1. In Jackson County the Commissioners Court is hereby authorized to allow each Commissioner the sum of Sixty Dollars ($60) per month, payable out of the Road and Bridge Fund of such county, for the use of his own private automobile in the discharge of the duties required of him under the terms of the law with reference to roads and bridges, which are in addition to his regular official duties as County Commissioner; the same shall be allowed by said

Commissioners Court as a claim against the county on being presented in favor of the Commissioners, and upon same being filed and approved same shall be ordered paid by the Commissioners Court out of the Road and Bridge Fund, and on such order being entered a warrant shall be drawn on such fund payable to the members of the Commissioners Court in whose favor such claim has been approved and ordered paid, and which warrant on being presented to the County Treasurer shall be by such County Treasurer paid. This allowance shall be in lieu of the county furnishing any such Commissioner with an automobile; and each such Commissioner shall pay all expenses in the operation of such automobile and keep same in repair, free of any other charge to the county.

"Sec. 2. The fact that the salaries fixed by law for the Commissioners of Jackson County are inadequate to compensate and to pay their automobile expenses, and the further fact that the Commissioners in said Jackson County under the law as it now exists have a large territory to serve and to supervise in the maintenance, construction, and repair of the roads and bridges therein situated, with the attendant increase of expenses as Road Commissioner in addition to the regular duties of County Commissioner, create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

After a careful search of the statutes we fail to find any statute imposing added and new duties upon the county commissioners of Jackson County not imposed by general law. House Bill No. 959, supra, does not impose added and new duties upon the county commissioners not imposed by general law for which it undertakes to provide additional compensation. We think that the above mentioned act was enacted by the legislature without any intention of constituting the same a local road law for the maintenance of public roads and highways in Jackson County. Sufficient proof that it was not intended as a special road law for Jackson County, as authorized by Section 9, Article 8, of the State Constitution, is the fact that it was not specifically enacted as such. If it had been the desire, purpose and intention of the legislature to pass a special road law for Jackson County, it could have easily manifested same by passing it as such.

Honorable Cullen B. Vance, page 4


        We think that the case of Jameson et al. v. Smith, 161 S. W.
(2d) 520, answers the question presented in your inquiry. Therefore,
it is the opinion of this department that the above mentioned act is
unconstitutional and therefore void, for the reasons set out in the
above mentioned case.

        Trusting that the foregoing fully answers your inquiry, we
are

                                        Yours very truly

                                ATTORNEY GENERAL OF TEXAS

                                By  (s)  Ardell Williams
                                            Assistant

AW:AMM


APPROVED SEP 17, 1942                   APPROVED
Grover Sellers                          OPINION COMMITTEE
FIRST ASSISTANT                         BY  BWB
ATTORNEY GENERAL                        CHAIRMAN